THE COMMONWEALTH TITLE INSURANCE AND TRUST COMPANY, trustee, et al., complainants-appellants,

*v.*

NEW JERSEY LIME COMPANY et al., defendants-respondents.

[Argued June 26th, 1916.   Decided November 20th, 1916.]

On appeal of the Bethlehem Steel Company.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, who filed the following opinion:

As I read the statute relating to counsel fees (*P. L. 1910 p. 427*), this court is authorized to make allowances by way of

counsel fee to successful litigants only, and it was so held by Vice-Chancellor Leaming in *Sparks* v. *Ross, 82 N. J. Eq. 121.* This authorizes an allowance to the complainant solicitors according to the rates fixed by rule 224. I have made a calculation in accordance with this rule, and find that the complainant's counsel are entitled to a counsel fee of $695.

I do not think that the Bethlehem Steel Company should be granted any allowance. The statute plainly contemplates the granting of an allowance, if any is granted, upon a basis of a percentage of the amount recovered by the successful litigant. There was no award of money to the Bethlehem Steel Company, hence there is no basis for making a calculation.

The rule above mentioned was made for the purpose of giving effect to an act passed in relation to the subject on April 3d, 1902. This rule was not promulgated until February 6th, 1910; the act now in force took. effect on April 11th, 1910. No new rule has been promulgated since the act of 1910, but I understand the practice to be to follow rule 224.

The result is that the complainant's counsel are allowed $695, and that there is no allowance to any other of the parties to the cause.

*Messrs. Griggs & Harding* and *Mr. Martin Conboy,* of New York, for the appellants.

*Mr. Hugh B. Reed,* for the New Jersey Lime Company.

Per Curiam.

This appeal relates to the refusal of the vice-chancellor to award a counsel fee to the appellant Bethlehem Steel Company. This refusal was put upon the ground that under chancery rule 224, the amount of counsel fee is based on an award of money to a successful litigant, and that there was no such award to the steel company, the decree running in favor of complainant as its trustee.

The authority to award counsel fees is derived from the statute of 1910 (*Comp. Stat. p. 445*), amending section 91 of the Chancery act of 1902; and it is argued that the vice-chan-

cellor was not limited by the rule of his own court but was entitled to award a counsel fee to any "party obtaining the order or decree," and that the steel company as *cestui que trust* bearing the brunt of the litigation is such a party. It does not seem to be claimed that the act is mandatory.

We do not find it necessary to deal with these matters at length, because it is conceded that the counsel for the complainant below also represented the steel company and acted in its interest in the litigation, so that the award of counsel fee to the complainant was in effect an award to them for their services in protecting the interests of the steel company, the complainant having no direct interest in the matter. For this reason the refusal to award counsel fee to the steel company in addition was proper and should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—12.

*For reversal*—None.